**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 22-4741**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

MIGUEL ANGEL LOPEZ-RESENDIZ,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:21-cr-00254-FDW-DSC-1)

───────────────

Submitted: November 21, 2023              Decided: November 27, 2023

───────────────

Before WILKINSON and NIEMEYER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:** H. Justin Pace, H. JUSTIN PACE, PLLC, Asheville, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Miguel Lopez-Resendiz pled guilty to possession with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no meritorious issues for appeal, but questioning whether Lopez-Resendiz's counsel in the district court provided ineffective assistance. Although notified of his right to file a pro se supplemental brief, Lopez-Resendiz has not done so. We affirm the district court's judgment.

We review de novo an ineffective assistance of counsel claim that is made on direct appeal but "will reverse only if it conclusively appears in the . . . record itself that the defendant was not provided effective representation." *United States v. Freeman*, 24 F.4th 320, 326 (4th Cir. 2022) (en banc) (cleaned up). Because such claims are generally not cognizable on direct appeal, they should normally be raised in a motion brought pursuant to 28 U.S.C. § 2255 to permit sufficient development of the record. *United States v. Jordan*, 952 F.3d 160, 163 n.1 (4th Cir. 2020). Our review of the record does not conclusively show Lopez-Resendiz has received ineffective assistance; thus, he should raise this claim, if at all, in a § 2255 motion. *See id.*

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for review. We therefore affirm the district court's judgment. This court requires that counsel inform Lopez-Resendiz, in writing, of the right to petition the Supreme Court of the United States for further review. If Lopez-Resendiz requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel

may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Lopez-Resendiz.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*